JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIANGBIN LONG,<br><br>          Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., *et al.*<br><br>          Defendants. | Case No. 2:24-cv-02402 CV (KESx)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On July 7, 2025, the Court ordered the parties to show cause in writing by July 21, 2025 why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Doc. # 40 ("OSC"). On July 21, 2025, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a response to the Court's OSC, asserting that "[b]ecause it appears Plaintiff has failed to plead a substantial basis for federal question jurisdiction, the action should be dismissed." Doc. # 41 at 5. Plaintiff Xiangbin Long ("Plaintiff") did not file a timely response to the Court's OSC.[1]

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). When a district court determines that there is no subject matter jurisdiction in a non-removal

---

[1] The Court interprets Plaintiff's failure to respond to the July 7, 2025 OSC as a concession that this Court does not have subject matter jurisdiction. *See* C.D. Cal. L. Civ. R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion[.]"). Moreover, the failure to comply with this Court's July 7, 2025 OSC alone warrants dismissal without prejudice. Fed. R. Civ. P. 41(b).

case, dismissal without prejudice is appropriate. *See Wasson v. Brown*, 316 F. App'x 663, 664 (9th Cir. 2009); *Parker v. Ebay*, No. CV 24-1863-JFW (JCx), 2024 WL 1484598, at *2 (C.D. Cal. Apr. 5, 2024).

The Court has reviewed the allegations in Plaintiff's First Amended Complaint (Doc. # 33, "FAC") and finds that this Court does not have subject matter jurisdiction. The FAC does not establish jurisdiction based on diversity of citizenship. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Plaintiff has not alleged that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. The amount in controversy is not "facially evident" from the pleading, and "[c]onclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003). Nor has Plaintiff established jurisdiction based on a federal question, as the FAC includes only two claims, both based on California law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Although the FAC makes passing reference to federal statutes (*e.g.* FAC ¶¶ 32–34), "[p]assing references to federal statutes in a complaint do not create federal question jurisdiction." *Daneshrad v. Valencia*, No. SACV 21-02077-CJC (KESx), 2022 WL 2189518, at *1 (C.D. Cal. Feb. 22, 2022).

For the foregoing reasons, the Court DISMISSES this action WITHOUT PREJUDICE. All other pending matters are TERMINATED and all dates and deadlines in this matter are VACATED. The Clerk of Court shall close this case.

**IT IS SO ORDERED**.

DATED: 7/25/25

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE